[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 06-10942

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00008-CR-01-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CHARLES WILSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

**(May 23, 2007)**

Before TJOFLAT, BLACK and EBEL,* Circuit Judges.

PER CURIAM:

———————————

*Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by
designation.

Appellant David Charles Wilson, former director of the Ocmulgee Regional Library System (ORLS), appeals his conviction on five counts of theft under 18 U.S.C. § 666(a)(1)(A) (Counts 1 through 5) and one count of witness tampering under 18 U.S.C. § 1512(b)(1) (Count 6). The district court sentenced Wilson to 48 months' imprisonment. On appeal, Wilson raises several issues.

First, Wilson argues the evidence was not sufficient to support his conviction on Counts 1 through 4. After reviewing the record, we determine there was sufficient evidence to support Wilson's conviction on these counts. We also conclude the district court properly instructed the jury on the applicability of § 666(c).

Second, Wilson contends the district court erred in excluding evidence of Sue Noles' prior conviction for embezzlement. To the extent Wilson sought to use the conviction for impeachment, it was properly excluded under Fed. R. Evid. 609(b). Noles' conviction was more than 10 years old, and Wilson failed to show exceptional circumstances on the basis of which the district court should have found its probative value substantially outweighed its prejudicial effect. *See* Fed. R. Evid. 609(b). Further, the adjudication was also properly excluded under Fed. R. Evid. 404(b) because Wilson sought to use Noles' prior conviction to suggest

2

that Noles, rather than Wilson, should have been suspected of the alleged theft from the ORLS.

Wilson also contends the district court's exclusion of Noles' prior conviction violated his right to confrontation. We find this argument to be without merit. "[T]he Sixth Amendment only protects cross-examination that is *relevant*." *Jones v. Goodwin*, 982 F.2d 464, 469 (11th Cir.1993) (emphasis in original). "A trial court retains wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Francis v. Dugger*, 908 F.2d 696, 702 (11th Cir. 1990) (internal quotation omitted). Here, the district court found that evidence of Noles' prior conviction had "the potential of confusing the jury in such measure as to outweigh the minimal probative value of the evidence." We agree with the district court, and we find no abuse of discretion in its decision to exclude this evidence. Although Wilson suggests the district court's evidentiary ruling prevented him from questioning Noles about her potential bias or prejudice and about her bookkeeping practices, we disagree. Wilson was free to pursue those areas of questioning to the extent they were relevant.

Third, Wilson maintains the district court erred in admitting under Fed. R. Evid. 404(b) evidence of withdrawals from the ORLS's constituent library accounts. We determine the district court properly admitted evidence of Wilson's withdrawals from the constituent library accounts as relevant to Wilson's state of mind or intent with respect to his withdrawals from the ORLS account. *See* Fed. R. Evid. 404(b). Further, the district court properly instructed the jury on the permissible uses of this 404(b) evidence.[1]

Fourth, Wilson argues the district court erred in denying his motions for judgment of acquittal on Counts 5 and 6. After reviewing the record, we determine there was sufficient evidence to support Wilson's conviction on these counts.

Lastly, Wilson challenges the reasonableness of his sentence. The district court heard argument on the § 3553(a) factors, particularly on Wilson's history and characteristics, and specifically considered and discussed certain factors. The

---

[1] In connection with his argument about the Rule 404(b) evidence, Wilson appears to challenge the district court's denial of his motion for a mistrial based on a photograph inadvertently published to the jury by one of the Government's witnesses. To the extent Wilson appeals the denial of his motion for mistrial, we reject his argument. At trial, the Government withdrew the photograph in response to Wilson's objection, and the district court instructed the jury to disregard the photograph and any commentary related to it. Wilson has failed to show on appeal that the publication of the photograph to the jury was so highly prejudicial as to be incurable by the trial court's admonition. *See United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998).

4

district judge found there was no need to protect the public from any further potential criminal activity by Wilson or to provide Wilson with any vocational or educational training. However, the district court also found there was a need for deterrence and to impose a sentence that reflected the seriousness of the offense. In arriving at a sentence of 48 months' imprisonment, the district court stated that the factors formed the primary basis for its determination and that the sentence coincidentally fell within the advisory guidelines range. Accordingly, we conclude the sentence was reasonable in light of § 3553(a). *See United States v. Scott*, 426 F.3d 1324, 1329-30 (11 Cir. 2005) (holding that an explicit acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors suffices in post-*Booker* sentences).

**AFFIRMED.**